UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAYCEE L. CAFFEE,

Plaintiff,

v. Case No.: 2:26-cv-3045

SMOKIE JERRY'S TIKI BAR & GRILL, LLC,
a Florida limited liability company,
d/b/a Smokin' Jerry's Tiki Bar & Grill;
CHARLES LEWIS, individually; and
YVETTE CRUZ LEWIS, individually,

Defendants.
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAYCEE L. CAFFEE ("Plaintiff" or "Caffee"), by and through her undersigned counsel, hereby sues Defendants, SMOKIE JERRY'S TIKI BAR & GRILL, LLC, d/b/a Smokin' Jerry's Tiki Bar & Grill ("Smokin' Jerry's"), CHARLES LEWIS ("Charles Lewis"), and YVETTE CRUZ LEWIS ("Yvette Lewis") (collectively, "Defendants"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to recover tips unlawfully kept by Plaintiff's employer and unpaid overtime compensation, together with liquidated damages,

attorneys' fees, and costs, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. This Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in the Middle District of Florida, Fort Myers Division, under 28 U.S.C. § 1391(b) and Local Rule 1.04(b), because Defendants reside in this District and the events giving rise to Plaintiff's claims occurred at Smokin' Jerry's restaurant at 15001 Gasparilla Road, Placida, Charlotte County, Florida.

## PARTIES

4. Plaintiff is a resident of Charlotte County, Florida.

5. Plaintiff has been employed by Defendants since on or about April 20, 2025, and was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

6. Defendant Smokin' Jerry's is a Florida limited liability company that owns and operates the full-service restaurant and bar known as Smokin' Jerry's Tiki Bar & Grill at 15001 Gasparilla Road, Placida, Florida 33946.

7. Defendants Charles Lewis and Yvette Cruz Lewis ("Yvette Lewis"), husband and wife, are the authorized members and owners of Smokin' Jerry's, took over the restaurant on or about April 20, 2025, and reside in this District.

## SATISFACTION OF CONDITIONS PRECEDENT

8. The FLSA requires no administrative exhaustion. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

### A. Coverage and Employer Status

9. At all material times, Smokin' Jerry's was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). It had annual gross sales of not less than $500,000, and its employees, including Plaintiff, handled food, beverages, alcohol, and other goods that moved in commerce and processed customer credit-card transactions through the Toast point-of-sale system.

10. Smokin' Jerry's operates a full restaurant and bar at least six nights per week with multiple servers, each of whom regularly rings up $2,000 to $4,000 in sales per shift.

11. Charles Lewis exercised operational control over Smokin' Jerry's. He set and repeatedly changed Plaintiff's pay, decided how her tips were handled, told her to stop clocking in, directed her to cut labor, and assigned her work.

12. Yvette Lewis exercised operational control over Smokin' Jerry's. She controlled employee scheduling and the 7shifts scheduling system and assigned Plaintiff management projects that Plaintiff performed on her own time.

13. Charles Lewis and Yvette Lewis are each an "employer" under 29 U.S.C. § 203(d) and are jointly and severally liable with Smokin' Jerry's.

**B. The Hourly Period**

14. Plaintiff worked at the restaurant as a server and bartender from in or about November 2022. On or about April 23, 2026, Charles Lewis made her Front of House Manager.

15. Charles Lewis agreed to pay Plaintiff $20.00 per hour for every hour she worked as manager on duty. Defendants instead paid her $10.98 per hour for serving and bartending hours and $14.00 per hour for food-running hours.

16. Plaintiff's ADP earnings statement for April 18 through May 1, 2026, records 88.40 hours worked and no overtime premium, so Plaintiff worked more than forty hours in at least one of those workweeks. Her statement for May 16 through May 29, 2026, records 75.12 hours and no overtime premium.

17. Around Memorial Day 2026, Plaintiff worked approximately fifteen consecutive days, including approximately forty hours in four days.

**C. Defendants Keep Plaintiff's Tips**

18. Shortly after Memorial Day 2026, Charles Lewis told Plaintiff she would be guaranteed $1,000 per week, less her credit-card tips. Defendants applied the change retroactively to the pay period beginning May 30, 2026, including work Plaintiff had already performed at $20.00 per hour.

19. Plaintiff's credit-card tips were her property. By subtracting them from the guarantee, Defendants kept them. Plaintiff's June 17, 2026, ADP statement shows Defendants paid $1,000.00 for the two-week period and made up the rest with $1,001.43 of Plaintiff's own tips; her July 15, 2026, statement shows $1,627.00 paid and $588.13 of her tips applied.

20. Defendants subtracted Plaintiff's gross credit-card tips, without deducting the mandatory tip-outs she had already paid to bartenders, food runners, and bussers.

21. Beginning on or about July 11, 2026, Defendants kept Plaintiff's credit-card tips outright. By late July, Defendants required Plaintiff to surrender all of her tips—cash and credit card—as "house money," in exchange for a flat $2,000 every two weeks. At the end of each shift Plaintiff's tips were paid out to her in cash, which Defendants required her to wrap and place in the restaurant safe.

22. Charles Lewis had Plaintiff ring her sales under his own Toast account, "Charlie L." From July 29, 2026, Plaintiff's ADP statements report no credit-card tips, and her year-to-date tips remain at $14,384.96, although Toast records tips on her shifts, including $95.25 on September 3 and $144.95 on September 12, 2026.

23. Defendants required Plaintiff, in addition to managing, to wait on tables and tend bar, and directed her to send staff home and take their tables. The more tables Plaintiff took, the more tips Defendants kept.

24. When Plaintiff objected that she was putting more money in the safe than Defendants paid her, Charles Lewis told her, “I don’t ask you what you do with your money, why are you worried about what I do with my money.”

25. Defendants have never paid Plaintiff any of the tips they kept. Plaintiff’s tenure as Front of House Manager ended on or about September 12, 2026.

**D. Plaintiff Was Not Paid on a Salary Basis**

26. Defendants did not pay Plaintiff a predetermined amount each pay period free of reductions based on the quality or quantity of her work. Among other things:

a. Defendants’ own payment was the guarantee less Plaintiff’s tips, so it fell as her tips rose and could not be known until each pay period ended;

b. for May 30 through June 12, 2026, Defendants paid $1,000.00—$500.00 per week;

c. for June 13 through June 26, 2026, Defendants paid $1,150.22—$575.11 per week;

d. for July 25 through August 7, 2026, Defendants paid $1,368.05, less than the guarantee;

e. Defendants applied the guarantee retroactively, reducing wages Plaintiff had already earned;

f. from late July 2026, Plaintiff had to hand back her tips to receive her pay, so it was not paid free and clear; and

g. every ADP statement Defendants issued identified Plaintiff's "Basis of pay" as "Hourly."

27. Plaintiff therefore was not paid on a salary basis and was not exempt from overtime.

**E. Plaintiff's Hours**

28. After the change to the guarantee, Charles Lewis told Plaintiff she no longer needed to clock in because she was salaried. Her ADP statements dated June 17, July 15, August 26, and September 9, 2026, record 0.00 hours.

29. Plaintiff worked six nights per week at the restaurant, from approximately 3:30 or 4:00 p.m. until 9:00 or 10:00 p.m. or later, and was called in early approximately once per week. By the end of her tenure as manager, she spent nearly her entire shift serving customers.

30. Charles Lewis and Yvette Lewis also assigned Plaintiff work she performed away from the restaurant, including scheduling, call-outs and shift

coverage, training manuals, liquor inventory, checklists and side-work procedures, the restaurant's social media, and its email, which Charles Lewis required her to check every morning. Charles Lewis called her daily. Defendants knew of and used this work.

31. Plaintiff regularly worked more than forty hours per workweek. Defendants paid her no overtime while she was Front of House Manager.

32. The Florida minimum wage was $14.00 per hour at all material times. Plaintiff's regular rate therefore could not be less than $14.00, and her overtime rate not less than $21.00. 29 C.F.R. § 778.5.

33. Defendants' violations were willful. They told Plaintiff to stop clocking in, recorded no hours for her, failed to keep the records 29 U.S.C. § 211(c) requires, routed her tips through Charles Lewis's account, and kept her tips as house money.

34. Plaintiff has retained Malatesta Law Office and is obligated to pay it a reasonable fee.

## COUNT I

## FLSA – UNLAWFUL RETENTION OF TIPS, 29 U.S.C. § 203(m)(2)(B)

## (Against All Defendants)

35. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 above, as if fully set forth herein.

36. At all material times, each Defendant was Plaintiff's employer under 29 U.S.C. § 203(d).

37. Under 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by its employees for any purpose. A manager may keep tips received directly from customers for service she directly and solely provides. 29 C.F.R. § 531.52(b)(2).

38. Defendants kept Plaintiff's tips by subtracting her gross credit-card tips from her guarantee and by requiring her to surrender all of her tips as house money. The guarantee was compensation for Plaintiff's work, not payment for her tips, and Defendants are liable for every dollar of tips kept, without offset.

39. Defendants' violations were willful and not in good faith, and the three-year limitations period of 29 U.S.C. § 255(a) applies.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants SMOKIE JERRY'S TIKI BAR & GRILL, LLC, CHARLES LEWIS, and YVETTE CRUZ LEWIS, jointly and severally, for: (a) every dollar of tips unlawfully kept, without offset or credit for any wages paid; (b) an additional equal amount as liquidated damages; (c) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); (d) post-judgment interest as allowed by law; and (e) such other and further relief as this Court deems just and proper.

**COUNT II**

**FLSA – UNPAID OVERTIME, 29 U.S.C. § 207 (Against All Defendants)**

40. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34 above, as if fully set forth herein.

41. At all material times, each Defendant was Plaintiff's employer under 29 U.S.C. § 203(d).

42. Plaintiff was non-exempt throughout her tenure as Front of House Manager. From April 23 through May 29, 2026, Defendants paid her by the hour. From May 30 through September 12, 2026, she was not paid on a salary basis, as alleged in paragraphs 26 through 27. In both periods she worked more than forty hours in one or more workweeks, at the restaurant and on work Defendants assigned her to perform away from it.

43. For the hourly period, Plaintiff's regular rate was the agreed $20.00 per hour, and her overtime rate $30.00; in the alternative, her regular rate was the weighted average of her rates, 29 C.F.R. § 778.115, with each serving hour counted at not less than $14.00. 29 C.F.R. §§ 531.60, 778.5.

44. For the guarantee period, because the guarantee was not a fixed salary, it compensated no more than forty hours per week; Plaintiff's regular rate was $25.00 per hour ($1,000 ÷ 40), and her overtime rate $37.50. 29 C.F.R. § 778.113.

45. In no event was Plaintiff's overtime rate less than $21.00. 29 C.F.R. § 778.5. Defendants paid no overtime premium for any hour Plaintiff worked over forty, in violation of 29 U.S.C. § 207(a)(1).

46. Defendants' violations were willful and not in good faith, and the three-year limitations period of 29 U.S.C. § 255(a) applies.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendants SMOKIE JERRY'S TIKI BAR & GRILL, LLC, CHARLES LEWIS, and YVETTE CRUZ LEWIS, jointly and severally, for: (a) all unpaid overtime compensation; (b) an additional equal amount as liquidated damages; (c) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); (d) post-judgment interest as allowed by law; and (e) such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

47. Plaintiff hereby demands a trial by jury on all issues so triable as of right.

Dated: November ___, 2026.

Respectfully submitted,

/s/ Frank M. Malatesta
**Frank M. Malatesta, Esq.**
Florida Bar No. 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Suite 235
Venice, Florida 34285
Telephone: (941) 256-3812
Fax: (888) 501-3865
Frank@malatestalawoffice.com
heather@malatestalawoffice.com
Staff@malatestalawoffice.com
*Attorney for Plaintiff*